IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEFFREY KRAHN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 10-140-JJF-MPT |
| | : | |
| STATE OF DELAWARE, et al., | : | |
| | : | |
| Defendants. | : | |

Jeffrey Krahn, <u>Pro</u> <u>se</u> Plaintiff.  James T. Vaughn Correctional Center, Smyrna, Delaware.

**MEMORANDUM OPINION**

June 25, 2010
Wilmington, Delaware

**Farnan, District Judge**

Plaintiff Jeffrey Krahn ("Plaintiff"), an inmate at the
James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware,
filed this civil rights action pursuant to 42 U.S.C. § 1983. He
appears pro se and has been granted leave to proceed in forma
pauperis. (D.I. 9.)  Also pending is a Request For Counsel.
(D.I. 11.)  For the reasons discussed below, the Court will
dismiss the State of Delaware as immune from suit, dismiss the
retaliation claims for failure to state a claim upon which relief
may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and §
1915A(b)(1), and will allow Plaintiff to proceed with his
excessive force claims.  The Court will deny without prejudice
Plaintiff's Request For Counsel.

## I.  BACKGROUND

Plaintiff alleges that on April 2, 2008, Defendants
probation officers Scott Meixell ("Meixell") and Christopher R.
Albence ("Albence") unjustifiably shot him and then removed
evidence from the scene.  Since that time, Meixell and Albence
have threatened to kill Plaintiff upon his release from prison.
Plaintiff also alleges that Meixell and Albence enlisted fellow
colleagues to retaliate against him.  Finally, Plaintiff alleges
that Defendants Meixell, Albence, Warden Perry Phelps ("Phelps"),
Deputy Warden David Pierce ("Pierce"), Todd Kramer ("Kramer"),
Staff Lt. Costello ("Costello"), and Major Scarborough

1

("Scarborough") have retaliated against him. Plaintiff seeks
compensatory and punitive damages and injunctive relief. (D.I.
7.)

## II. STANDARD OF REVIEW

This Court must dismiss, at the earliest practicable time,
certain in forma pauperis and prisoner actions that are
frivolous, malicious, fail to state a claim, or seek monetary
relief from a defendant who is immune from such relief. See 28
U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. §
1915A (actions in which prisoner seeks redress from a
governmental defendant); 42 U.S.C. § 1997e (prisoner actions
brought with respect to prison conditions). The Court must
accept all factual allegations in a complaint as true and take
them in the light most favorable to a pro se plaintiff. Phillips
v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008);
Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Plaintiff
proceeds pro se, his pleading is liberally construed and his
Complaint, "however inartfully pleaded, must be held to less
stringent standards than formal pleadings drafted by lawyers."
Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either
in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325
(1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a
court may dismiss a complaint as frivolous if it is "based on an

2

indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. <u>Neitzke</u>, 490 at 327-28; <u>Wilson v. Rackmill</u>, 878 F.2d 772, 774 (3d Cir. 1989); <u>see</u>, e.g., <u>Deutsch v. United States</u>, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. <u>Tourscher v. McCullough</u>, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3rd Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. <u>See</u> <u>Ashcroft v. Iqbal</u>, -U.S.-, 129 S.Ct. 1937 (2009); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." <u>Id.</u> at 1949. When

3

determining whether dismissal is appropriate, the Court conducts a two-part analysis. <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. <u>Id.</u> The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. <u>Id.</u> at 210-11. Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that Plaintiff has a "plausible claim for relief."[1] <u>Id.</u> at 211. In other words, the Complaint must do more than allege Plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. <u>Id.</u> "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." <u>Iqbal</u>,129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. Eleventh Amendment Immunity

The original Complaint names the State of Delaware as a Defendant. (D.I. 1.) The claim against the State of Delaware is

---

[1]A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. <u>Iqbal</u>,129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" <u>Id.</u>

4

barred by the State's Eleventh Amendment immunity. <u>See</u> <u>MCI</u>
<u>Telecom. Corp. v. Bell Atl. of Pa.</u>, 271 F.3d 491, 503 (3d Cir.
2001). The Eleventh Amendment of the United States Constitution
protects an unconsenting state or state agency from a suit
brought in federal court by one of its own citizens, regardless
of the relief sought. <u>See</u> <u>Pennhurst State Sch. & Hosp. v.</u>
<u>Halderman</u>, 465 U.S. 89 (1984); <u>Edelman v. Jordan</u>, 415 U.S. 651
(1974).

The State has not waived its immunity from suit in federal
court, and although Congress can abrogate a state's sovereign
immunity, it did not do so through the enactment of 42 U.S.C. §
1983. <u>Brooks-McCollum v. Delaware</u>, 213 F. App'x 92, 94 (3d Cir.
2007) (citations omitted) (not published). Moreover, there is no
mention of the State, other than to name it in the caption of the
Complaint. Consequently, the claim against the State has no
arguable basis in law or in fact, is frivolous, and will be
dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and §
1915A(b)(1).

## B. Retaliation

Plaintiff alleges in a conclusory manner that Meixell,
Albence, Phelps, Pierce, Kramer, Costello, and Scarborough
retaliated against him. Proof of a retaliation claim requires
that Plaintiff demonstrate (1) constitutionally protected
conduct; (2) an adverse action by prison officials "'sufficient

5

to deter a person of ordinary firmness from exercising his [constitutional] rights,'" and (3) "a causal link between the exercise of his constitutional rights and the adverse action taken against." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (citations omitted).

The retaliation allegations do not meet the pleading requirements of Iqbal and fall far short of setting forth an entitlement to a claim for relief. Therefore, they will be dismissed for failure to state a claim upon which relief may granted pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). However, since it appears plausible that Plaintiff may be able to articulate a claim against Defendant (or name alternative Defendants), he will be given an opportunity to amend his pleading. See O'Dell v. United States Gov't, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## C. Request for Counsel

Plaintiff requests counsel on the grounds that he has a learning disorder and is bi-polar. Also, he indicates that he does not know how to proceed with the litigation. (D.I. 11.)

Although a plaintiff does not have a constitutional or statutory right to an attorney,[2] a district court may seek legal representation by counsel for a plaintiff who demonstrates "special circumstances indicating the likelihood of substantial prejudice to [the plaintiff] resulting . . . from [the plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."   Tabron v. Grace, 6 F.3d 147, 154 (3d Cir. 1993)(citing Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984)).

Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (5) the degree to which the case turns on credibility

---

[2]See Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request."; Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993) (no right to counsel in a civil suit).

Case 1:10-cv-00140-LPS Document 13 Filed 06/25/10 Page 9 of 9 PageID #: 46

determinations or expert testimony. Montgomery v. Pinchak, 294
F.3d 492, 498-99 (3d Cir. 2002); Tabron, 6 F.3d at 155-56.

    After reviewing Plaintiff's Motion, the Court concludes that
the case is so not factually or legally complex that an attorney
to represent Plaintiff is warranted at this time.  Plaintiff's
filings in this case demonstrate his ability to articulate his
claims and represent himself.  Finally, this case in its early
stages and no Defendants have been served.  Thus, in these
circumstances, the Court will deny without prejudice to renew
Plaintiff's Request For Counsel.  (D.I. 11.)

## IV. CONCLUSION

    For the above reasons, the Court will dismiss the State of
Delaware as a Defendant as it is immune from suit and will
dismiss the retaliation claims for failure to state a claim upon
which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)
and § 1915A(b)(1).  Plaintiff will be given leave to amend the
retaliation claim.  Also, he will be allowed to proceed against
Meixell and Albence on the excessive force claim.  The Court will
deny without prejudice to renew the Request For Counsel.  (D.I.
11.)

    An appropriate Order will be entered.

8