IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFREY KRAHN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 10-140-LPS-MPT |
| | : |
| SCOTT MEIXELL, et al., | : |
| | : |
| Defendants. | : |

Jeffrey Krahn, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

September 30, 2010
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff, Jeffrey Krahn ("Krahn"), an inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed in forma pauperis. (D.I. 9) The Court screened the case on June 25, 2010, dismissed the State of Delaware as immune from suit, and dismissed retaliation claims. Krahn was given leave to amend the retaliation claims. The Court allowed Krahn to proceed with excessive force claims against Defendants Scott Meixell ("Meixell") and Christopher Albence ("Albence"). The Court proceeds to review and screen the First Amended Complaint, filed July 23, 2010, pursuant to 28 U.S.C. § 1915 and § 1915A. (D.I. 15)

## II. BACKGROUND

Krahn alleges that on April 2, 2008, probation officers Meixell and Albence unjustifiably shot him and then removed evidence from the scene. Since that time, Meixell and Albence have threatened to kill Plaintiff upon his release from prison. Krahn further alleges that Meixell and Albence enlisted fellow colleagues to retaliate against him for his conduct against them.

Subsequent to Krahn's May 23, 2008 arrest, he was transported from the Howard R. Young Correctional Institution ("HYRCI") to the VCC and placed in solitary confinement ("the hole") in the Security Housing Unit ("SHU") for an indefinite period. Krahn was told that he was placed in the hole as a result of the incident with Meixell and Albence and that such conduct

1

would not be tolerated against fellow colleagues. Krahn wrote to Defendants Major Scarborough ("Scarborough"), Major Costello ("Costello"), Warden Perry Phelps ("Phelps"), and Deputy Warden Pierce ("Pierce"), but to no avail. He alleges his placement in the hole violated his liberty interested protected by the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution. In addition, Krahn alleges that he was exposed to retaliation by Defendants, who sought to punish him for his conduct towards Meixell and Albence. Krahn seeks injunctive relief by way of a transfer to the Sussex Correctional Institution as well as compensatory and punitive damages.

### III. **STANDARD OF REVIEW**

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Krahn proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (internal quotation marks omitted).

2

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see also, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Krahn leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.

3

Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that Krahn has a "plausible claim for relief." *Id.* at 211. In other words, the Complaint must do more than allege Plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. DISCUSSION

### A. Personal Involvement/Respondeat Superior

Krahn alleges that Defendants retaliated against him as a result of his conduct towards probation officers Meixell and Albence.[1] In essence, he contends that the retaliation consists of his placement in the hole. Krahn alleges that he made unsuccessful written complaints concerning his housing assignment to Scarborough, who had responsibility over security matters in SHU; Costello, who was the superintendent of the compliance and standard unit; Phelps, the

---

[1] Proof of a retaliation claim requires that Plaintiff demonstrate: (1) constitutionally protected conduct; (2) an adverse action by prison officials "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights," and (3) "a causal link between the exercise of his constitutional rights and the adverse action taken against him." *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (internal quotation marks omitted).

4

warden and supervisor over all relevant matters; and Pierce, the deputy warden in charge of security at SHU.[2]

A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978). There are, however, no allegations in the First Amended Complaint directed toward the foregoing defendants other than Krahn's general referral to retaliation "from Defendants seeking to punish" him. (D.I. 15 at 4)

It may be that Phelps, Pierce, Costello, and Scarborough are named as defendants based upon their supervisory positions. However, as is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory.[3] *See Iqbal*, 129 S.Ct. at 1937; *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). An individual government defendant "in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (internal quotation marks omitted). Purpose, rather than knowledge, is required to impose liability on an official charged

---

[2]The original pleadings also alleged retaliation by Todd Kramer. He is not mentioned in the First Amended Complaint.

[3]In *Iqbal*, the plaintiff alleged supervisory officials violated his rights, in that one official was the "principal architect" of the policy, and another was "implemental" in adoption and execution of the policy. *See* 129 S.Ct. at 1944. The Supreme Court found these allegations facially insufficient. *See id.* at 1949 (quoting *Robertson v. Sichel*, 127 U.S. 507, 515-16 (1888), for proposition that "[a] public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties").

5

with violations arising from his or her superintendent responsibilities.[4] *Iqbal*, 129 S.Ct. at 1949. "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.*

Krahn may also have named certain Defendants based upon letters he wrote to them. Later notification by letter, however, does not vest the foregoing Defendants with personal involvement in the events that form the basis for Krahn's claims. *See Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. Feb. 14, 2006) (not published) (allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish their involvement in underlying deprivation); *Cole v. Sobina*, 2007 WL 4460617 (W.D. Pa. Dec. 19, 2007); *Ramos v. Pennsylvania Dep't of Corrections*, 2006 WL 2129148 (M.D. Pa. July 27, 2006). *Cf. Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa. 1997), *aff'd*, 142 F.3d 430 (3d Cir. 1998) (prison officials' failure to respond to inmate's grievance does not state constitutional claim).

The First Amended Complaint contains no allegations against Phelps, Pierce, Costello, and Scarborough. Krahn provides no well-pleaded facts to support a claim against them; it is clear the claims against them are facially insufficient. As a result, the claims lack an arguable basis in law or in fact and the Court will dismiss them as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

---

[4]In light of *Iqbal*, it is uncertain whether proof of personal knowledge, with nothing more, provides a sufficient basis to impose liability upon a supervisory official. *See Bayer v. Monroe County Children and Youth Services*, 577 F.3d 186, 190 n.5 (3d Cir. 2009).

**B.    Due Process**

Krahn alleges that his placement in the hole and in SHU imposed an atypical and significant hardship on him in relation to ordinary incidents of prison life and violates his constitutional rights. The Due Process Clause confers no liberty interest in freedom from state action taken "within the sentence imposed." *Sandin v. Conner*, 515 U.S. 472, 480 (1995) (internal quotation marks omitted). In addition, state-created liberty interests protected by the Due Process Clause are generally limited to restraints on prisoners that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997) (internal quotation marks omitted).

In deciding whether a protected liberty interest exists under *Sandin*, a federal court must consider the duration of the disciplinary confinement as well as the conditions of that confinement, in relation to other prison conditions. *Mitchell*, 318 F.3d at 532. The Third Circuit has held in a non-precedential opinion that an inmate sentenced to an aggregate of 930 days in disciplinary confinement without dayroom or telephone privileges did not constitute an atypical and significant hardship sufficient to trigger a liberty interest under Sandin. *See Young v. Beard*, 227 F. App'x. 138 (3d Cir. Mar. 20, 2007) (not published); *see also Griffin*, 112 F.3d at 706-09 (state prisoner's confinement in administrative segregation for fifteen months did not impose atypical and significant hardship on prisoner).

According to the allegations, as of the date of the filing of the First Amended Complaint, Krahn has spent close to eight hundred days in SHU. Under the reasoning of *Young* and *Griffin*, and based upon the facts here, Krahn lacks the requisite liberty interest to implicate a due process violation.

Finally, it is well established that an inmate does not possess a liberty interest arising from the Due Process Clause in assignment to a particular custody level, security classification, or place of confinement. *See Wilkinson v. Austin*, 545 U.S. 209 (2005); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Montayne v. Haymes*, 427 U.S. 236, 243 (1976). The custody placement or classification of state prisoners within the State prison system is among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." *Meachum*, 427 U.S. at 225. Krahn fails to state a claim of constitutional dimension with respect to his custody level classification.

Krahn has not articulated a protected liberty interest with respect to his discipline, confinement, and classification. Therefore, the Court will dismiss his Due Process claims as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

## V. <u>CONCLUSION</u>

For the above reasons, the Court will dismiss the First Amended Complaint as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Krahn will be allowed to proceed against Meixell and Albence on the excessive force claims set forth in the Complaint and Amended Complaint at Docket Items 1 and 7. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFREY KRAHN, | : |
| Plaintiff, | : |
| v. | : Civ. No. 10-140-LPS-MPT |
| SCOTT MEIXELL, et al., | : |
| Defendants. | : |

## ORDER

At Wilmington this 30th day of September, 2010, consistent with the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

1. The First Amended Complaint (D.I. 15) is DISMISSED as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2. The case proceeds solely on the excessive force claims against Defendants Scott Meixell and Christopher Albence contained in the Complaint and Amended Complaint found at Docket Items 1 and 7.

3. All other Defendants are DISMISSED.

IT IS FURTHER ORDERED that:

1. The Clerk of Court shall cause a copy of this Order to be mailed to the Plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(3) and (d)(1), the Plaintiff shall provide the Court with "USM-285" forms for the **remaining defendants Scott Meixell and Christopher Albence** as well as for the **Attorney General of the State of Delaware**, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c).

**Additionally, the Plaintiff shall provide the Court with one copy of the Complaint and Amended Complaint for service upon each remaining Defendant. (D.I. 1, 7) The Plaintiff is notified that the United States Marshal Service ("USMS") will not serve the Complaint and Amended Complaint until all "U.S. Marshal 285" forms have been received by the Clerk of Court. Failure to provide the "U.S. Marshal 285" forms and copies of the Complaint and Amended Complaint for the remaining Defendants and the Attorney General within 120 days from the date of this Order may result in the Complaint or Amended Complaint being dismissed or the remaining Defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3.  Upon receipt of the form(s) required by paragraph 2 above, the USMS shall forthwith serve a copy of the Complaint and Amended Complaint (D.I. 1, 7), this Order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon each of the defendants so identified in each 285 form.

4.  A defendant to whom copies of the Complaint and Amended Complaint, this Order, the "Notice of Lawsuit" form, and the "Return of Waiver" form have been sent, pursuant to Fed. R. Civ. P. 4(d)(1), has thirty days from the date of mailing to return the executed waiver form. Such a defendant then has sixty days from the date of mailing to file its response to the complaint, pursuant to Fed. R. Civ. P. 4(d)(3). A defendant residing outside this jurisdiction has an additional thirty days to return the waiver form and to respond to the complaint.

5.  A defendant who does not timely file the waiver form shall be personally served and shall bear the costs related to such service, absent good cause shown, pursuant to Fed. R.

Civ. P. 4(d)(2). **A separate service order will issue in the event a defendant does not timely waive service of process.**

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **Note:** *** When an amended complaint is filed prior to service, the Court will **VACATE** all previous Service Orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). ***

8. **Note:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

                                                                        _____
UNITED STATES DISTRICT JUDGE