IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEFFREY KRAHN, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 10-140-LPS |
| SCOTT MEIXELL, et al., | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

Pending before the Court are Plaintiff's request for counsel and motion for injunctive relief. (D.I. 24, 25) For the reasons given below, the Court will deny the motions.

I. **BACKGROUND**

Plaintiff Jeffrey Krahn ("Krahn"), a prisoner housed at the James T. Vaughn Correctional Center (formerly the Delaware Correctional Center) in Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging violations of various constitutional rights. On December 3, 2010, he filed a request for counsel and, on January 20, 2011, he filed a motion for injunctive relief alleging denial of medical/mental health care. (D.I. 24, 25) More specifically, Krahn states that he is suicidal and not receiving treatment or counseling. (D.I. 25) The Court ordered Defendants to respond to the motion for injunctive relief (D.I. 29), and they submitted their response along with copies of Krahn's medical records (D.I. 30). Defendants ask the Court to deny the motion for injunctive relief on the grounds that Krahn has not met the criteria for a grant of such relief.

1

## II. REQUEST FOR COUNSEL

Krahn seeks counsel on the grounds that he is incompetent and unlearned in legal proceedings, counsel would benefit the court, he has unsuccessfully sought pro bono counsel, and he cannot afford retained counsel. (D.I. 24)

A plaintiff in a civil suit does not have a constitutional or statutory right to an attorney. *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); *see also Mallard v. United States Dist. Court for the S. Dist of Iowa*, 490 U.S. 296 (1989) (stating § 1915(d), now § 1915(e)(l), authorizes federal court to "request," but not require, unwilling attorney to represent indigent civil litigant). However, a district court may seek to obtain legal representation for an unrepresented plaintiff who demonstrates "special circumstances indicating the likelihood of substantial prejudice to [the plaintiff] resulting . . . from [the plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Tabron*, 6 F.3d at 154; *see also Mallard*, 490 U.S. at 296.

Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case, considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56.

After reviewing Krahn's motion, the Court concludes that the case is not so factually or

legally complex that a Court request for an attorney is warranted. In addition, the filings in this case demonstrate Krahn's ability to articulate his claims and represent himself. Finally, this case is in its early stages and, should the need for counsel arise later, one can be appointed at that time. Thus, in these circumstances, at this juncture of the case, the Court will deny without prejudice to renew Krahn's request for counsel. (D.I. 24)

## III. <u>INJUNCTIVE RELIEF</u>

### A. <u>Standard of Review</u>

"A preliminary injunction is an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *See Abraham v. Danberg,* 322 F. App'x 169, 170 (3d Cir. Apr. 24, 2009) (citing *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995)).

### B. <u>Discussion</u>

Defendant Warden Perry Phelps ("Warden Phelps") responds to Plaintiff's motion with evidence that Plaintiff is receiving treatment. (D.I. 30) James C. Welch, the Chief of the Bureau of Correctional Healthcare Services, advises that Krahn has seen mental health clinicians in July, August, October, November, and December 2010, as well as in January and February of this current year. (D.I. 31) He has also seen a psychiatrist for medication management. (*Id.*) During his most recent visit, on February 3, 2011, Krahn denied suicidal/homicidal ideation and all other

3

findings were within normal limits. (*Id.*) Krahn has been diagnosed with a psychiatric disorder and receives medication to treat the disorder. (*Id.*)

Given the exhibits submitted to the Court, Krahn has not demonstrated the likelihood of success on the merits. Krahn received mental health treatment a few days prior to the time he filed his motion for injunctive relief and shortly thereafter. He receives regular mental health treatment and currently takes prescribed medications to treat his conditions. Moreover, Defendants took immediate action upon learning that Krahn advised the Court of his suicidal ideation. There is no indication that, at the present time, Krahn is in danger of suffering irreparable harm. Krahn has neither demonstrated the likelihood of success on the merits, nor has he demonstrated irreparable harm to justify the issuance of emergency injunctive relief. Therefore, the Court will deny the motion.

## IV. **CONCLUSION**

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Plaintiff's request for counsel (D.I. 24) is DENIED without prejudice to renew.

2. Plaintiff's motion for temporary restraining order and for preliminary injunction (D.I. 25) is DENIED.

Dated: February 18, 2011                                    UNITED STATES DISTRICT JUDGE