# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEFFREY KRAHN, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 10-140-LPS |
| SCOTT MEIXELL, et al., | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's letter/motion for injunctive relief. (D.I. 110) For the reasons given below, the Court will deny the motion.

## I.   BACKGROUND

Plaintiff Jeffrey Krahn ("Krahn"), a prisoner housed at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging excessive force in violation of the Eighth Amendment of the United States Constitution. On February 22, 2012, he filed a letter/motion for injunctive relief seeking mental health care for his deteriorating mental condition. (D.I. 110) Defendants ask the Court to deny the motion on the grounds that Krahn has not met the criteria for injunctive relief. Krahn has filed numerous motions for injunctive relief in this case.

## II. INJUNCTIVE RELIEF

### A. Standard of Review

"A preliminary injunction is an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *See Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. Apr. 24, 2009) (not published) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

### B. Discussion

Krahn received a write-up for assault on a correctional officer, was found guilty, and sanctioned to ninety days in isolation. He stated that he was psychotic when the event happened and did not appeal the decision. An exhibit provided by Defendants indicates that Krahn receives regular mental health treatment and takes medication for his condition. When Krahn exhibited suicidal ideation, prison staff took immediate action and he received an additional mental health assessment. The assessment indicates that at the time of the assessment Krahn was stable. (D.I. 119) Krahn wishes to be transferred to the special needs unit for the mentally ill.

Given the exhibits submitted to the Court, Krahn has not demonstrated the likelihood of success on the merits. While Krahn seeks a transfer to a different unit, the Delaware Supreme Court has recognized that prison officials have discretion to house inmates at the facilities they choose. *See Walls v. Taylor*, 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table) (citing

2

*Brathwaite v. State*, No. 169, 2003 (Del. Dec. 29, 2003)). Furthermore, the United States Supreme Court has held that an inmate has no due process right to be incarcerated in a particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 251 (1983). In addition, the record fails to support Krahn's claims that he is not provided with appropriate mental health treatment. The record indicates that Krahn's mental health condition is monitored by the staff.

There is also no indication that, at the present time, Krahn is in danger of suffering irreparable harm. Krahn having failed to demonstrate either the likelihood of success on the merits or irreparable harm to justify the issuance of emergency injunctive relief, the Court will deny his motion.

## III. CONCLUSION

NOW, THEREFORE, IT IS HEREBY ORDERED THAT Plaintiff's letter/motion for injunctive relief (D.I. 110) is DENIED.

Dated: March 19, 2012

UNITED STATES DISTRICT JUDGE