**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JEFFREY KRAHN, Plaintiff, | : | |
| v. | : | Civ. No. 10-140-LPS |
| SCOTT MEIXELL, et al., Defendants. | : | |

---

# MEMORANDUM OPINION

## I. BACKGROUND

Plaintiff Jeffrey Krahn ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware filed this lawsuit pursuant to 42 U.S.C. § 1983. Plaintiff alleges that when he was a supervised probationer, he was shot by former probation and parole officer Defendants on April 2, 2008, and thereafter Defendants enlisted their colleagues to retaliate against him. (D.I. 1, 7) Plaintiff proceeds pro se and was granted leave to proceed in forma pauperis. Plaintiff has made repeated Requests for Counsel, all denied without prejudice. (*See* D.I. 14, 33, 106) In his most recent Requests (D.I. 121, 125), Plaintiff seeks counsel on the grounds that he is incompetent; has post-traumatic stress disorder ("PTSD"), flashbacks, and a history of psychological issues; and he receives poor mental health treatment. In addition, Plaintiff seeks immediate removal from the Security Housing Unit ("SHU") and placement in a "more therapeutic environment." (D.I. 125)

The record contains mental health records that indicate Plaintiff receives continuing mental health treatment.[1] (*See* D.I. 31, 35, 47, 52, 54, 69, 103, 119, 125 Ex. B) Therefore, the Court addresses whether Plaintiff is competent within the meaning of Fed. R. Civ. P. 17(c) and considers his Requests for Counsel.

## II. RULE 17(c)

### A. Legal Standards

Federal Rule of Civil Procedure 17(c)(2) provides that "[t]he court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." The United States Court of Appeals for the Third Circuit has determined that the district court has a responsibility, under Rule 17(c)(2), to inquire sua sponte into whether a pro se litigant is incompetent to litigate his action and is, therefore, entitled to either appointment of a guardian ad litem or other measures to protect his rights. *See Powell v. Symons*, 680 F.3d 301, 303, 307 (3d Cir. 2012).

The Court considers whether Rule 17(c) applies "[i]f a court [is] presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court receive[s] verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." *Id.* The Court "need not inquire sua sponte into a pro se plaintiff's mental competence based on a litigant's bizarre behavior alone, even if such behavior may suggest mental incapacity." *Id.* at 303. The decision whether to

---

[1]Plaintiff's sentencing judge entered an order on May 8, 2009 for the Department of Correction ("DOC") to give Plaintiff a mental health and substance abuse evaluation and, after that, provide treatment the DOC deemed necessary. (D.I. 124) Plaintiff contends that he has never been evaluated.

appoint a next friend or guardian ad litem rests with the sound discretion of the district court. *See id.*

**B. Discussion**

The record reflects that plaintiff has a mental health history; it is his contention that he is incompetent. It appears that Plaintiff has been diagnosed with PTSD. (D.I. 125 Ex. B) As of May 4, 2012, it was reported that Plaintiff was working with mental health personnel and becoming educated on the signs and symptoms of this condition. (*Id.*) Prior to that time, Plaintiff had been diagnosed with an antisocial personality disorder. (*See* D.I. 47) As of February 2012, Plaintiff appeared stable. (*See* D.I. 119)

While there is evidence that Plaintiff receives treatment for mental health conditions, there is no medical opinion in the record that he incompetent. Nor is there is evidence that Plaintiff has been adjudicated incompetent by any court. To the contrary, the issue of his competency was addressed by the State court during the proceedings on Plaintiff's Motion for Post-Conviction Relief. *See State v. Krahn*, 2010 WL 3707678 (Del. Super. Sept. 13, 2010), *aff'd*, 2011 WL 4823815 (Del. Oct. 11, 2011). The Superior Court found that, despite Plaintiff's mental health history: (1) his defense counsel never believed there was a good faith basis to raise the issue of Plaintiff's competency; (2) Plaintiff appeared to have understood the proceedings; (3) he consulted with his counsel rationally; and (4) Plaintiff had a rational as well as a factual understanding of the proceedings against him. The Superior Court concluded there did not appear to be any objective basis to question defense counsel's decision not to raise the competency issue. Finally, in reading his filings in the instant case, it is apparent that Plaintiff understands the nature of the action he has commenced. He has responded appropriately to orders this Court has entered, and his filings are coherent and logical.

The Court has considered the medical evidence of record in conjunction with its own experience with Plaintiff. It finds that, under the circumstances, the evidence does not suffice to conclude that Plaintiff is incompetent. Inasmuch as there is no substantial question regarding the competence of Plaintiff, it is not necessary to conduct a Rule 17(c) competency hearing. For the above reasons, the Court finds Plaintiff is currently competent and declines to appoint a guardian or counsel to represent his interests pursuant to Rule 17(c).

## III. REQUEST FOR COUNSEL

Plaintiff also requests counsel on the grounds that: (1) he is having a hard time due to his illness; (2) the mental health care he is receiving is inadequate for his needs; (3) the jail will not give him a job or let him go to school; (4) his television and radio have been taken; (5) he is being held in SHU; (6) the mental health staff is not doing enough to advocate for him; (7) Defendants have not helped to play a role in his recovery; (8) he has to return to probation after Level V; and (9) he now has PTSD and needs treatment for this condition. (D.I. 121, 125)

A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.[2] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *See Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel, including:

---

[2]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (stating § 1915(d) – now § 1915(e)(1) – does not authorize federal court to require unwilling attorney to represent an indigent civil litigant).

> (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

*Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *see also Tabron*, 6 F.3d at 155-57. This list is not exhaustive, nor is any one factor determinative. *See Tabron*, 6 F.3d at 157.

The Court finds that Plaintiff's claims have arguable merit, given that his Complaint survived initial screening. Therefore, the Court proceeds to weigh the above factors to determine if counsel is warranted. The first factor is Plaintiff's ability to present his own case. In making this determination, the Court considers his literacy, education, prior work experience, prior litigation experience, and restraints placed upon him by virtue of his incarceration. *See id.* at 156. As discussed above, Plaintiff's submissions demonstrate he is able to adequately present his case. He sets forth issues and states the factual grounds on which he seeks relief. Although not an attorney, Plaintiff's lack of legal training is common for pro se litigants.

The Court next considers the complexity of the legal issues presented. Representation by counsel may be appropriate when the legal issues are complex. Here, Plaintiff alleges excessive force and retaliation. After reviewing the record, the Court does not find that the legal issues raised by Plaintiff claims are unduly complex or burdensome.

Next, the Court considers the degree to which factual investigation will be necessary, and the ability of Plaintiff to pursue such investigation. Even where the ultimate legal issue in a case may be comprehensible, a Court must consider the complexity of the discovery involved. *See Parham v. Johnson*, 126 F.3d 454, 459 (3d Cir. 1997). Where claims are likely to require extensive discovery and compliance with complex discovery rules, representation by counsel

may be warranted. *See Tabron*, 6 F.3d at 156. Also, the Court considers the extent to which a plaintiff, while in confinement, may face problems in pursuing his claims. *See id.* at 156. Here, the record reflects that, despite his requests, no discovery has been produced to Plaintiff. Instead, Defendants objected (D.I. 80) to Plaintiff's First Request for Production of Documents (D.I. 68) and there is no indication in the Court docket that they responded to Plaintiff's Second Request for Production of Documents (D.I. 76). Hence, this factor weighs towards representation.

The Court next considers Plaintiff's financial ability to attain and afford counsel on his own behalf. Plaintiff has been granted leave to proceed in forma pauperis and, therefore, has demonstrated an inability to afford counsel. The Court also considers if a case will be "solely a swearing contest" and will rely heavily on credibility determinations. If so, this should weigh in favor of representation. *See Parham*, 126 F.3d at 460; *see also Woodham v. Sayre Borough Police Dep't*, 191 F. App'x 111, 116 (3d Cir. 2006) (not published). As best as can be discerned from the record, it appears that credibility will be an issue. Hence, this factor supports representation by counsel.

Finally, the Court considers the extent to which expert testimony may be required. Counsel may be warranted where the case will require testimony from expert witnesses. After reviewing the pleadings, the Court concludes that expert testimony will not be required.

The Court concludes that, on the whole, the above factors weigh in favor of representation by counsel. Accordingly, the Court will grant Plaintiff's Requests for Counsel. (D.I. 121, 125)

**IV. DISCOVERY**

Defendants objected to Plaintiff's Request for Production (D.I. 68) of the Report of the

Attorney General Probation & Parole Departmental Shooting April 2, 2008 ("the Report"). The grounds for objection (D.I. 80) are that the request is vague, overly broad, unduly burdensome, the Report is protected from disclosure pursuant to 11 Del. C. § 4322,[3] and the Request seeks information not relevant to the claims as set forth in the Complaint nor reasonably calculated to lead to the discovery of admissible evidence.

All of these objections lack merit. Moreover, notwithstanding these objections, Defendants attempt to use the Report to support their Motion for Summary Judgment (D.I. 114 Ex. D), demonstrating its relevance. Additionally, the Report is available to the public-at-large on the official website of the State of Delaware.

Under these circumstances, the Court will order defense counsel to brief the issue of why the Court should not impose sanctions and prohibit Defendants from introducing the Report as evidence or use it to support dispositive motions.

## V. MOTION FOR SUMMARY JUDGMENT

On February 28, 2012, Defendants filed a Motion for Summary Judgment. (D.I. 114) Plaintiff's answering brief was due to be filed on or before March 16, 2012. To date, Plaintiff has not filed an answering brief. Given that no discovery has been provided to Plaintiff and that the Court will grant Plaintiff's Requests for Counsel, the Court will deny without prejudice to renew Defendants' Motion for Summary Judgment. Once counsel has entered his or her appearance, the Court will issue a new Scheduling Order.

---

[3]Defendants presumably refer to § 4322(c), which provides, "No inmate shall be provided a copy of the Department of Correction Policy and Procedures Manuals, The Bureau of Prisons Policy and Procedures Manuals, nor any of the Department of Correction Facilities Operational Procedures, Administrative Regulations and Post Orders."

## VI. INJUNCTIVE RELIEF

Plaintiff has filed numerous motions for injunctive relief in this case. He again seeks relief in the form of removal from SHU and immediate transfer to a "more therapeutic environment." (D.I. 125)

"A preliminary injunction is an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." *Continental Group, Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) (internal quotation marks omitted). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985). If the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then a preliminary injunction cannot be granted. *See Marxe v. Jackson*, 833 F.2d 1121 (3d Cir. 1987). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *See Abraham v. Danberg,* 322 F. App'x 169, 170 (3d Cir. Apr. 24, 2009) (not published) (citing *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995)).

Exhibit B, attached to Plaintiff's motion, indicates that Plaintiff receives mental health treatment. In addition, the exhibit indicates that the Office of Treatment Services is working on a recommendation for Plaintiff and encouraging Plaintiff to move forward to attain both short term and long term goals. (D.I. 125 Ex B)

Given the exhibits submitted to the Court, as well as the other evidence of record, the Court finds that Plaintiff has not demonstrated the likelihood of success on the merits. Nor does the record support a finding of irreparable injury. Indeed, the record reflects that Plaintiff receives mental health care and his condition is monitored. Therefore, the Court will deny Plaintiff's motion for injunctive relief.

## VII. CONCLUSION

For the above reasons, the Court: (1) finds that Plaintiff is competent within the meaning of Rule 17(c); (2) will grant Plaintiff's Requests for Counsel; (3) will order Defendants to brief the issue of their failure to produce the Report of the Attorney General Probation & Parole Departmental Shooting April 2, 2008 in response to discovery requests; (4) will deny without prejudice to renew Defendants' Motion for Summary Judgment; and (5) will deny Plaintiff's Motion for Injunctive Relief. (D. I. 114, 121, 125)

An appropriate Order follows.